IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY D. JAMISON                                                                 PLAINTIFF

VS.                                            CASE NO. 08-CV-4068

CLINTON RAMSEY, ANDERSON NEAL,
JR., CHALES E. "GENE" CHILDRESS,
AND ALAN WOLFE                                                                DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Substitute the United States for the Individually Named Defendants, Clinton Ramsey, Anderson Neal, Jr., Charles E. "Gene" Childress, and Alan Wolfe, and to Dismiss Complaint. (Doc. No. 7). The Plaintiff has filed a response to the motion. (Doc. No. 9). Defendant has filed a reply to the Plaintiff's response. (Doc. No. 10). The matter is ripe for consideration.

## BACKGROUND

From 1974 until 1990, Plaintiff, Jimmy D. Jamison, worked for the United States Department of Agriculture Farmer's Home Administration and the Soil Conservation Service. From 1985-86, Plaintiff worked in the Soil Conservation office in Mufreesboro, Arkansas. While in Mufreesboro, Plaintiff reported to his superiors about a secretary who was doing a "poor job." Plaintiff alleges that he reported this to Gerald Hendrix who took the information to Defendant Charles E. "Gene" Childress. Plaintiff claims that after receiving this information, Childress made his job extremely difficult. Plaintiff claims that Childress' actions created a hostile work environment which made Plaintiff ill and required his hospitalization. Plaintiff also

claims that Childress defamed and slandered him by spreading rumors that he was suffering from a mental disease and was incapable of performing his duties.

In 1986, Plaintiff transferred to the Soil Conservation Office in Nashville, Arkansas. He claims that Childress continued to make his job difficult by placing him in physically demanding jobs. He also claims that after his transfer to Nashville, Defendant Clinton Ramsey began to treat him in a hostile manner. Plaintiff claims that the Defendants' actions were designed to inflict extreme emotional distress on him. He also claims that Defendant Anderson Neal, Jr. encouraged him to claim depression as an injury and that Defendant Alan Wolfe acted in concert with Neal in this endeavor. Thereafter, in January 1990, Plaintiff left his employment with the Soil Conservation Service.

On July 14, 2008, the Plaintiff filed this action in the Circuit Court of Howard County, Arkansas. In his Complaint, Plaintiff made claims against the Defendants, Clinton Ramsey, Anderson Neal, Jr., Charles E. "Gene" Childress, and Alan Wolfe, for defamation, intentional infliction of emotional distress (outrage), harassment and civil conspiracy. These claims are based upon acts allegedly taken by the Defendants against the Plaintiff while they were employees of the United States Department of Agriculture Soil Conservation Service. The matter was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1). (A civil suit against the United States or any agency thereof or any officer (or any employee acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office.) Thereafter, the United States filed a motion to substitute the United States for the individual defendants, and to dismiss the complaint. The Plaintiff has responded opposing the motion. The Court will first address the United States' argument that it should be

substituted for the individually named Defendants and then discuss its argument for dismissal.

## DISCUSSION

*Motion to Substitute*

The individually named Defendants in this action are employees or former employees of the United States Department of Agriculture Soil Conservation Service. The United States asserts that these federal employees were acting within the scope of their employment at the time of the incidents alleged in the Plaintiff's Complaint. Therefore, it argues that the United States should be substituted as a defendant for these named individuals. In support of this argument, the government has submitted a certificate signed by Robert C. Balfe, the United States Attorney for the Western District of Arkansas, stating that the defendants in this case were acting within the scope of their employment as employees of the United States Department of Agriculture at the time of the incidents referred to in the Plaintiff's Complaint.

Title 28 U.S.C. § 2679(d)(1) provides:

> "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant."

Thus, after such certification, a tort action is "deemed an action against the United States" and the United States will be substituted as a party defendant. 28 U.S.C. § 2679(d)(1).

Although this certification is prima facie evidence that the employee's conduct was within the scope of his employment, the certificate is subject to challenge and limited judicial review. *Brown v. Armstrong,* 949 F.2d 1007, 1012 (8th Cir. 1991). In challenging the certification, the Plaintiff must "come forward with specific facts rebutting the certification" and

"prove that the employee was not acting within the scope of employ." *Id.* Once the Plaintiff has presented such evidence, the Court must determine whether the federal employee was acting within the scope of his employment by applying the applicable state law of respondeat superior. *See St. John v. United States,* 240 F.3d 671, 676 (8th Cir. 1991). In Arkansas, whether an employee's actions are within the scope of his employment depends on whether that individual is carrying out the object and purpose of the enterprise, as opposed to acting exclusively in his own interest. *J.B. Hunt Transport, Inc. v. Doss,* 320 Ark. 660, 668, 899 S.W.2d 464, 469 (Ark. 1995).

In this case, the Plaintiff has challenged the substitution of the United States by claiming that the individual Defendants were not acting within the scope of their employment at the time they caused damage and injury to him. However, he has failed to provide the Court with any "specific facts" on how these individuals were working outside the scope of their employment. Rather, he makes the conclusory statement in his affidavit that "[w]hile working at the Murfreesboro office several individuals began to act outside the scope of their employment with the Soil Conversation [sic] Service ... ." This is insufficient to rebut the presumption created by the U.S. Attorney's certification that the Defendants were working within the scope of their employment at the time of the alleged incidents. Thus, substitution of the United States is proper in this case. 28 U.S.C. § 2679(d)(1).

<u>Motion to Dismiss</u>

The Federal Torts Claims Act (FTCA) is the exclusive remedy for torts committed by federal employees acting within the scope of their employment. *United States v. Smith,* 499 U.S. 160, 163, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991)("an FTCA action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their

4

employment"). The Act requires that claims against the United States first be presented to the appropriate federal agency:

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

28 U.S.C. 2675(a). The presentation of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to a suit under the FCTA. *See Smith v. United States,* 588 F.2d 1209, 1211 (8th Cir. 1978). Failure to make file such a claim bars the action.

The United States has submitted the declaration of Kalven L. Trice, State Conservationist of the Natural Resource Conservation Service, United States Department of Agriculture, which states that no administrative claim has been filed in this matter. In fact, the Plaintiff does not claim that he submitted an administrative claim to any federal agency. The Plaintiff has failed to exhaust his administrative remedies under the FTCA. Therefore, Plaintiff's tort claims are barred and should be dismissed.

Plaintiff has also failed to exhaust his administrative remedies in regard to his claims of disability-based discrimination. Before filing a civil suit, a federal employee must exhaust his administrative remedies by seeking Equal Employment Opportunity (EEO) counseling within 45 days of the alleged discriminatory act. 29 C.F.R. §1624.105(a)(1); *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir.2005). Failure to exhaust such a remedy is fatal to a federal employee's discrimination claim. *McAlister v. Secretary of Dept. of Health and Human Services,* 900 F.2d 157, 158 (8th Cir.1990).

The United States has submitted the declaration of Kalven Trice who has certified that there is no record of any contact with the EEOC by the Plaintiff during the relevant time frame. In fact, the Plaintiff does not claim that he made contact with the EEOC in regard to his alleged claims. The Plaintiff has failed to exhaust his administrative remedies in regard to his claims of disability-based discrimination. Therefore, these claims should be dismissed.

Since the Court is ruling that the Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies it is unnecessary to discuss the United States' other theories for dismissal.

## CONCLUSION

For the reasons stated herein and above, the Court finds that the Motion to Substitute the United States for the Individually Named Defendants, Clinton Ramsey, Anderson Neal, Jr., Charles E. "Gene" Childress, and Alan Wolfe, and to Dismiss Complaint should be and hereby is **granted**. The United States is hereby substituted as the Defendant in this case for individually named Defendants Clinton Ramsey, Anderson Neal, Jr., Charles E. "Gene" Childress, and Alan Wolfe. The Plaintiff's Complaint against the United States is hereby dismissed for failure to exhaust his administrative remedies.

IT IS SO ORDERED, this 20th day of January, 2009.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge